## Commonwealth v. Mosteller

*Lester L. Greevy*, for Commonwealth.

*Sydney A. Simon*, for defendant.

WOOD, J., December 9, 1964. — This is an appeal from a summary conviction under the provisions of sections 1327 and 1333 of the Public School Code, which relate to compulsory school attendance. It has been stipulated for the purposes of appeal that the relevant facts are as follows:

(1) Appellant's child was required to attend public school.

(2) Appellant's child was absent illegally from public school September 5th, December 3rd, and December 9th, 1963.

(3) Appellant was given notice of the aforesaid absences as required by the Public School Code.

(4) Appellant's child was again absent illegally April 16 and 17, 1964. On one of these dates appellant drove his child to the school grounds. On the other he placed his child on the school bus.

(5) Appellant neither prevented his child from attending school nor encouraged him to absent himself from school.

(6) Appellant did not know on either April 16 or April 17, 1964, that his child had failed to attend school.

The code requires parents to "send" their children "to a day school" and requires children "to attend a day school". It is evident that the appellant did "send" his child to school on April 16th and 17th. We cannot determine any reasonable basis for a decision to the contrary; there is nothing to establish, or even suggest, that appellant failed in fact to "send" his son to school. We consider that the legislature intended to enforce full parental compliance with the requirement of compulsory attendance. However, since it did not elect to define parents' obligations as including full physical control of pupils for the entire school day, we reject the argument of counsel for the School District that parents must "insure attendance." Furthermore, it is not possible for parents to make certain that children not only depart for school but go to school and remain there as required. The Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552, provides that courts shall presume "that the Legislature does not intend a result that is absurd, impossible of execution or unreasonable."

It may be argued that this leaves the problem of this case, and similar cases, unresolved. We do not agree. While it appears that the active fault in the matter lies with the child, it is possible that school and parental discipline have not been applied fully. If it develops that parental and school disciplinary measures cannot correct the child's conduct effectively, and we feel strongly that vigorous cooperative action should succeed, it is suggested that a petition be filed with the Juvenile Court setting forth that the child is delinquent and in need of control. Prompt action will follow.

### Order

And now, December 9, 1964, the appeal of William L. Mosteller is sustained. He is found not guilty. The County of Lycoming shall pay the costs.